IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02169-GPG

KELBY SNYDER,

    Plaintiff,

v.

DENVER SHERIFF, and
DENVER POLICE DEPARTMENT,

    Defendants.

## ORDER TO AMEND

    Plaintiff Kelby Snyder, currently detained at the Denver County Jail, filed *pro se* a Prisoner Complaint.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.  Pursuant to this Court's initial review, Plaintiff will be directed to amend his Complaint.

    First, the Prisoner Complaint is deficient because Defendants Denver Sheriff and Denver Police Department are improper defendants in this action.  Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  The Denver Police Department and Denver Sheriff are not "persons" subject to suit under § 1983.  Plaintiff's claims against Defendants Denver Sheriff and Denver Police

Department are construed as claims against the City and County of Denver.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  To hold the City and County of Denver liable under 42 U.S.C. § 1983, Plaintiff must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris* , 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Local government entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.  Plaintiff does not allege specific facts in the Prisoner Complaint to show that the alleged constitutional deprivations were caused by a policy or custom of the City and County of Denver.

Second, Plaintiff has failed to assert the required personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Also, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under Bivens or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting Iqbal, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  Id. at 1199.

Finally, vague and conclusory allegations that Plaintiff's rights have been violated do not entitle a pro se pleader to a day in court regardless of how liberally the court construes such pleadings.  See Ketchum v. Cruz, 775 F. Supp. 1399, 1403 (D. Colo. 1991), aff'd, 961 F.2d 916 (10th Cir. 1992).  Furthermore, the general rule that pro se pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).  Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." Hall, 935 F.2d at 1110.  Plaintiff does not identify the specific factual allegations that support each

claim he is asserting.  *See Nasious v. Two Unknown B.I.C.E. Agents,* 429 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  The Court, therefore, will direct Plaintiff to submit an amended prisoner complaint that complies with the directives of this Order. Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Prisoner Complaint that complies with this Order.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Prisoner Complaint that complies with this Order, within the time allowed, the Court will proceed to dismiss the Complaint without further notice.

DATED December 16, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge