IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02169-GPG

KELBY SNYDER,

      Plaintiff,

v.

OFFICER C. SPILDE,
2 OFFICERS IDK THEIR NAMES,
OFFICER GOMEZ,
A SGT., and
OFFICER BEAULER,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

      Plaintiff, Kelby Snyder, is an inmate currently detained at the Denver County Jail. Mr. Snyder has filed *pro se* an Amended Complaint (ECF No. 13) pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights.

      The court must construe the Amended Complaint liberally because Mr. Snyder is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Snyder will be directed to file a Second Amended Complaint.

**I. Allegations of the Amended Complaint.**

      Mr. Snyder alleges the following facts in the Amended Complaint.

      On December 3, 2014, Defendant Spilde verbally harassed Plaintiff by telling him to "wrap it up muther [sic] fucker." (ECF No. 13, at 4-5). He further alleges that

Defendant Two Unknown Officers "grabed [sic] my arms and stretched my arms out wide and were twisting. They said you keep it up we'll slam you on your face right here." (*Id.,* at 5).  He asserts claims for use of excessive force and harassment based on this incident.

On January 20, 2015, Defendant Gomez took Mr. Snyder's "legal mail/documentation" off the food cart and refused to return it to him.  (*Id.,* at 6).  He further alleges that an unknown officer "threw me against the wall" and verbally harassed him.  (*Id.).*  He asserts claims for use of excessive force, harassment, and "violation of my right to have legal documentation" based on this incident.

"About the month of Nov. during the hours of 4:00 p.m. - 5:00 p.m." Defendant Beauler "was twisting my fingers" and verbally harassing him while she arrested him. (*Id.,* at 7).  He further contends that she placed him in the police car without air for an hour.  (*Id.*).  He asserts claims for use of excessive force and harassment based on this incident.

On October 21, 2015, Mr. Snyder was assaulted by his "bunky" and that Defendant Unknown Sergeant said he "was not allowed to press charges."  (*Id.*, at 8). He further alleges that Defendant Unknown Sergeant telephoned Mr. Snyder's lawyer but the call was not accepted.  (*Id.*).  Mr. Snyder was then "moved to the hole."  (*Id.*). He asserts that he was "denied my rights when I was taken out for a assault/fight."

For relief, Mr. Snyder requests compensatory damages.

## II. Deficiencies in the Amended Complaint

Several deficiencies remain in the Amended Complaint.  Plaintiff's allegations of police misconduct, harassment, excessive force, and violation of his civil rights are

vague and conclusory.  *See Swoboda v. Dubach,* 992 F.2d 286, 289-90 (10th Cir.1993)

(vague, conclusory allegations are insufficient to form the basis for a § 1983 cause of

action); *Hall,* 935 F.2d at 1110 (same); *Ketchum v. Cruz,* 775 F.Supp. 1399, 1403 (D.

Colo. 1991), *aff'd* 961 F.2d 916 (10th Cir. 1992) (same).  However, because the

amended pleading has improved, the Court will allow Plaintiff one final opportunity to

amend in order to state an arguable claim for relief against the named Defendants.

   Mr. Snyder's allegations of harassment against the named Defendants are

insufficient.  Verbal threats without more, do not violate the Eighth Amendment.  *See*

*Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir.1992);  *see also Alvarez v.*

*Gonzales*, No. 05-6129, 155 F. App'x 393, 396 (10th Cir. Nov. 10, 2005) (unpublished)

("Mere verbal threats or harassment do not rise to the level of a constitutional violation

unless they create 'terror of instant and unexpected death.'") (quoting *Northington*, 973

F.2d at 1524).

   Moreover, Mr. Snyder's allegations against Defendant Two Unknown Officers for

using excessive force are insufficient.  *See e.g., Norton v. The City of Marietta,* 432

F.3d 1145, 1156 (10th Cir. 2005) (grabbing and twisting of inmate's neck was not

sufficiently objectively harmful enough to establish an Eighth Amendment excessive

force claim); *Reed v. Smith,* 1999 WL 345492, at *4 (10th Cir. 1999) (inmate's

allegations that prison officials grabbed him, tried to ram him into a wall and dragged

him while walking him through the prisoner were insufficient to state an Eighth

Amendment excessive force claim).  "[T]he use of excessive force against a prisoner

can violate the Eighth Amendment [even] when the inmate does not suffer serious

injury."  *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (citing *Whitley v.*

*Albers*, 475 U.S. 312, 319 (1986)); *Wilkins v. Gaddy*, ___ U.S. ___, 130 S. Ct. 1175, 1176 (2010).  The " core judicial inquiry" as to an excessive force claim is " whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Id*.  "Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Smith*, 339 F.3d at 1212 (internal quotation marks and brackets omitted).  "An action by a prison guard may be malevolent yet not amount to cruel and unusual punishment." *Marshall v. Milyard*, 415 F. App' x 850, 852 (10th Cir. Jan. 31, 2011) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  "Even if a use of force is deemed unnecessary after the fact, if it was both de minimis and 'not of a sort repugnant to the conscience of mankind,' it will not sustain an excessive-force claim." *Id*. at 853 (quoting *Hudson*, 403 U.S. at 10).

Similarly, Mr. Snyder's allegations against Defendant Beauler for use of excessive force is likewise deficient.  *See e.g., Cortez v. McCauley,* 478 F.3d 1108, (10th Cir. 2007) (holding that "a small amount of force, like grabbing [plaintiff] and placing him in the patrol car, is permissible in effecting an arrest under the Fourth Amendment.").  A law enforcement officer can violate the Fourth Amendment by using excessive force to carry out an arrest.  *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1248 (10th Cir. 2013).  When an arrestee alleges excessive force, the court applies the objective reasonableness test announced in *Graham v. Conner*, 490 U.S. 386, 388 (1989).  Under this test, the court considers the totality of the circumstances.

4

*Plumhoff v. Rickard*, 143 S.Ct. 2013, 2020 (2014).  To determine whether the use of force was objectively reasonable under the circumstances, the court weighs three factors:  1) the severity of the crime at issue; 2) the immediate threat that the suspect posed to officers and others; and 3) any active resistance or attempt to flee by the suspect.  *Graham*, 490 U.S. at 396.

Mr. Snyder also alleges that Defendant Gomez confiscated his "legal documentation," which provided details about the alleged harassment and use of excessive force against him, and that Defendant Unknown Sergeant refused to allow him the opportunity to exercise "my right to seek legal action" after another inmate assaulted him.  The Court construes these allegations liberally as a claim that Plaintiff was denied his constitutional right of access to the courts.  To state an arguable violation of his constitutional right of access to the courts, Plaintiff must plead facts to show that he was impeded in his ability to file a civil rights action.  *See Lewis v. Casey*, 518 U.S. at 354–55 (To plead a violation of this right, a plaintiff must allege that the state's interference led to an "actual injury" by "frustrat[ing]," "imped[ing]," or "hinder[ing] his efforts to pursue a legal claim.").  *See also Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir.1998) ("To present a viable claim for denial of access to courts, however, an inmate must allege and prove prejudice arising from Defendants' actions."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (an inmate alleging interference with legal access must allege specific facts showing that a "distinct and palpable" injury resulted from defendants' conduct.).  Plaintiff's vague and conclusory allegations are insufficient to show that he suffered an actual injury in his ability to pursue a non-frivolous claim for relief.

Mr. Snyder will be afforded one final opportunity to file a second amended complaint that states an arguable claim against one or more of the named Defendants. Plaintiff may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Snyder uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

**IV.  Orders**

For the reasons discussed above, it is

ORDERED that **within thirty (30) days from the date of this Order**, Mr. Snyder shall file a Second Amended Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that Mr. Snyder shall obtain a copy of the court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov and shall use the form in filing a Second Amended Complaint. It is

FURTHER ORDERED that, if Mr. Snyder fails within the time allowed to file a Second Amended Complaint that complies with this Order as directed, some or all of this action may be dismissed without further notice.

DATED February 9, 2016, at Denver, Colorado.

BY THE COURT:


 s/ Gordon P. Gallagher

United States Magistrate Judge