IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02169-GPG

KELBY SNYDER,

     Plaintiff,

v.

OFFICER C. SPILDE, Denver Sheriff,
2 OFFICERS IDK THEIR NAMES, Denver Sheriff,
OFFICER GOMEZ, Denver Sheriff
A SGT., Denver Sheriff, and
OFFICER BEAULER, Denver Police Department,

     Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff Kelby Snyder is an inmate currently detained at the Denver County Jail.

Mr. Snyder has filed *pro se* an Amended Prisoner Complaint (ECF No. 13) pursuant to

42 U.S.C. § 1983.  On February 9, 2016, Magistrate Judge Gordon P. Gallagher

reviewed the Amended Complaint, found it deficient, and directed Mr. Snyder to file,

within thirty days, a second amended complaint that alleged facts supporting an

arguable claim for relief against the named Defendants.  (*See* ECF No. 15).  Mr. Snyder

did not submit a second amended complaint within the time allowed.

The Court must review the Amended Complaint liberally because Mr. Snyder is a

*pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se*

litigant's advocate.  *Hall*, 935 F.2d at 1110.

The Court has granted Mr. Snyder leave to proceed *in forma pauperis* pursuant

to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Snyder's

claims are frivolous, malicious, or fail to state a claim on which relief may be granted.

*See* 28 U.S.C. § 1915(e)(2)(B).  A legally frivolous claim is one in which the plaintiff

asserts the violation of a legal interest that clearly does not exist or asserts facts that do

not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

For the reasons stated below, the Court will dismiss the Amended Complaint as legally

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Allegations in the Amended Complaint**

Mr. Snyder alleges the following facts in the Amended Complaint.

On December 3, 2014, Defendant Spilde told Mr. Snyder to "wrap it up muther

[sic] fucker out of no were [sic]."  (ECF No. 13, at 4-5).  Mr. Snyder further asserts that

two unknown prison guards then "grabed [sic] my arms and stretched my arms out wide

and were twisting. They said you keep it up we'll slam you on your face right here.  I

said what are you going to do punch me in my face too the guard said If I get the

chance."  (ECF No. 13, at 4-5).  He asserts police misconduct, excessive force, and

harassment based on this incident.

On January 20, 2015, Defendant Gomez took Mr. Snyder's legal mail

documenting "these events that I'm suing about . . . which is why I don't know some

officers names."  (*Id.,* at 4, 6).  He further alleges that an unknown prison officer "threw

me against the wall and put me in handcuffs" and said "shut up before I beat you up."

(*Id.,* at 6*).*  Based on this incident, he asserts excessive force, harassment, police

misconduct, and a "violation of my right to have legal documentation."  (*Id.*).

When Defendant Beauler arrested him in November, she said "now if you

happen to move I swear to God you'll regret it as she was twisting my fingers."  (*Id.,* at

7).  He further contends that she placed him in the police car without air for an hour.

(*Id.*).  He asserts excessive force, harassment, police misconduct, and police brutality

based on this incident.

On October 21, 2015, Mr. Snyder was assaulted by his "bunky" and an unknown

sergeant said he "was not allowed to press charges."  (*Id.*, at 8).  He further alleges that

the unknown sergeant telephoned Mr. Snyder's lawyer but the call was not accepted.

(*Id.*).  Mr. Snyder asserts that he was "denied my rights when I was taken out for a

assault/fight."  (*Id.*).

For relief, Mr. Snyder requests compensatory damages.

## II.  Analysis

Although Mr. Snyder fails to assert under what federal law or section of the

Constitution he is raising his claims for police misconduct, harassment, and excessive

force against prison officials at the Denver County Jail, it appears that he is asserting

claims under the Due Process Clause of the Fifth and Fourteenth Amendments, which

prohibit defendants from undertaking acts that amount to punishment.  *See Bell v.*

*Wolfish,* 441 U.S. 520, 535 (1979).

Although the Due Process Clause governs a pretrial detainee's claim of

unconstitutional conditions of confinement, the Eighth Amendment standard provides

the benchmark for excessive force claims.  *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.

1998).  In this regard, the use of excessive physical force against a prisoner may

constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Hudson*

*v. McMillian,* 503 U.S. 1, 4 (1992).  The core judicial inquiry is "whether force was

applied in a good-faith effort to maintain or restore discipline or maliciously and

sadistically to cause harm."  *Id.* at 7.  As the Supreme Court made clear in *Hudson,*

3

"[n]ot every push or shove" violates a prisoner's constitutional rights.  *Id.* at 9

(recognizing that not every malevolent touch by a prison guard gives rise to a federal

cause of action).  Moreover, an "inmate who complains of a 'push or shove' that causes

no discernible injury almost certainly fails to state a valid excessive force claim."  *Wilkins*

*v. Gaddy,* 559 U.S. 34, 38 (2010).  Thus, "even if a use of force is deemed unnecessary

after the fact; if it was both de minimis and 'not of a sort repugnant to the conscience of

mankind,'  it will not sustain an excessive-force claim."  *Marshall v. Milyard,* 415 Fed.

App'x 850, 853 (10th Cir. 2011).

"Ordinarily, an excessive force claim involves two prongs: (1) an objective prong

that asks if the alleged wrongdoing was objectively harmful enough to establish a

constitutional violation, and (2) a subjective prong under which the plaintiff must show

that the officials acted with a sufficiently culpable state of mind."  *Wilson v. Seiter,* 501

U.S. 294, 298-300 (1991); *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2002)

(internal quotation marks and brackets omitted).  "Because routine discomfort is part of

the penalty that criminal offenders pay for their offenses against society," only those

physical punishments rising above de minimis uses of force "are sufficiently grave to

form the basis of an Eighth Amendment violation."  *Hudson,* 503 U.S. at 9-10 (citations

omitted).  While the presence of an injury is not required, the presence or absence of an

injury is a factor in the determination of whether a defendant's conduct constituted an

objectively serious use of force.  *See Northington v. Jackson,* 973 F.2d 1518, 1523

(10th Cir. 1992) (holding that "significant physical injury" is not required, but "[t]he extent

of injury may be relevant in determining whether corrections officers unnecessarily and

wantonly inflicted pain").

Here, the alleged instances of excessive force were not objectively harmful

enough to establish a constitutional violation.  First, allegations of harassment and verbal threats do not violate the Eighth Amendment.  *See Northington*, 973 F.2d at 1524; *see also Alvarez v. Gonzales*, 155 Fed. App'x 393, 396 (10th Cir. 2005) ("Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death'").  Thus, Mr. Snyder's allegations of harassment are insufficient.

Second, the force allegedly used against Mr. Snyder was both de minimis and not of a nature that is repugnant to mankind.  *See Hudson,* 503 U.S. at 10.  Merely grabbing and twisting Mr. Snyder's arms does not allege a constitutional violation.  *See e.g., Norton v. The City of Marietta,* 432 F.3d 1145, 1156 (10th Cir. 2005) (dismissing claim in which prison guards were alleged to have injured prisoner by grabbing him around his neck and twisting it because the guards' actions were not objectively harmful enough to establish a constitutional violation); *Reed v. Smith,* No. 97-6341, 1999 WL 345492, at *4 (10th Cir. 1999) (dismissing excessive force claim based on allegations that prison officials grabbed inmate, tried to ram him into a wall, and dragged him while walking him through the prison); *Marshall,* 415 Fed. App'x at 853-54 (dismissing excessive force claim based on allegations that corrections officer dug his fingernails into prisoner's arm without cause to do so resulting in redness and bruising).  *Accord De Walt v. Carter,* 224 F.3d 607, 610-11 (7th Cir. 2000) (holding that shoving a prisoner into a doorframe, which resulted in bruising on his back, did not state a constitutional violation); *Boddie v. Schnieder,* 105 F.3d 857, 862 (2d Cir. 1997) (holding that bumping, grabbing, elbowing, and pushing a prisoner was "not sufficiently serious or harmful to reach constitutional dimensions."); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) (pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient

use of force to state a constitutional violation); *Olson v. Coleman,* 804 F. Supp. 148, 149-50 (D. Kan. 1992) (single blow to prisoner's head while escorting him into prison, causing contusion, was de minimis use of force not repugnant to conscience of mankind).

Moreover, although Mr. Snyder was not required to allege a significant injury, the extent of the injury may provide some indication of the amount of force applied.  *See Wilkins,* 559 U.S. at 38.  The Amended Complaint contains no allegations of any injury, which lends further support to the conclusion that Defendants used only de minimis force.  *See id.* ("An inmate who complains of a 'push or shove' that causes no discernible injury" fails to state valid excessive force claim).

While this Court does not condone unnecessary uses of force by prison guards, Mr. Snyder's allegations of de minimis force used by Defendants, simply fall short of what is required to establish a constitutional violation.  *See Marshall,* 415 Fed. App'x at 853-54.

Similarly, Mr. Snyder fails to assert an excessive force claim against Defendant Beauler with respect to his arrest in November because he does not allege an actual injury.  *See Cortez v. McCauley,* 478 F.3d 1108, 1128 (10th Cir. 2007) (holding that an excessive force claim requires "some actual injury that is not de minimis, be it physical or emotional.").  Moreover, the allegations of de minimis force used during his arrest are insufficient to establish a constitutional violation.  Courts recognize that "a small amount of force, like grabbing [plaintiff] and placing him in the patrol car, is permissible in effecting an arrest under the Fourth Amendment."  *Id.*; *see also Graham v. Connor,* 490 U.S. 386, 396 (1989) ("Our Fourth Amendment jurisdiction has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use

some degree of physical coercion or threat thereof to effect it.").

Finally, the Amended Complaint fails to state an arguable violation of Mr. Snyder's constitutional right of access to the courts.  Mr. Snyder simply does not plead any facts demonstrating that he was impeded in his ability to file a civil rights action. *See Lewis v. Casey*, 518 U.S. 343, 354–55 (1996) (To plead a violation of this right, a plaintiff must allege that the state's interference led to an "actual injury" by "frustrat[ing]," "imped[ing]," or "hinder[ing] his efforts to pursue a legal claim.").  *See also Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir.1998) ("To present a viable claim for denial of access to courts, however, an inmate must allege and prove prejudice arising from Defendants' actions."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (an inmate alleging interference with legal access must allege specific facts showing that a "distinct and palpable" injury resulted from defendants' conduct).  Mr. Snyder's allegation that his loss of documentation caused him to not know the names of the officers is insufficient to allege an "actual injury" in his ability to pursue a non-frivolous claim for relief.

The Court, therefore, will dismiss the Amended Complaint and this action under 28 U.S.C. § 1915(e)(2)(B)(i) because the facts alleged do not support an arguable claim for relief.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Complaint and the action are dismissed as legally

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __17th__ day of __March__, 2016.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court